**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00674-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| James Thomas Prater, Jr., | |
| Defendant. | |

Defendant James Prater is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a two-page motion for home confinement. Doc. 57. Pursuant to General Order 20-28, the Federal Public Defender screened the motion and found no basis for appointment of counsel. Doc. 58. The government has filed a response opposing the motion. Doc. 59. For reasons stated below, the Court will deny the motion.

In July 2018, Defendant received a 10-year prison sentence followed by lifetime supervised release after pleading guilty to distribution of child pornography in violation of 18 U.S.C. §§ 2252 and 2256. Docs. 54, 55. Defendant presently is confined at the federal correctional institution in Pekin, Illinois. *See* Federal BOP, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 28, 2020). His projected release date is November 25, 2025. *See id.* Defendant requests to be placed on home confinement due to the coronavirus and various health conditions. Doc. 57.

Under 18 U.S.C. § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") expands the BOP's authority to release incarcerated defendants without judicial intervention and allows the BOP to "lengthen the maximum amount of time" for which a prisoner may be placed in home confinement under § 3624(c)(2), "as the Director determines appropriate[.]" CARES Act, Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, at 515-17 (2020); *see United States v. Carlucci*, No. CR 10-00464-01-KHV, 2020 WL 2527013, at *3 (D. Ariz. May 18, 2020).

Defendant's motion will be denied because "the CARES Act 'authorizes the BOP – not courts – to expand the use of home confinement' under 18 U.S.C. § 3624(c)(2)." *United States v. Cecilio Alaniz, Jr.*, No. 15-CR-00329-DAD-BAM, 2020 WL 4059581, at *7 (E.D. Cal. July 20, 2020) (quoting *United States v. Fantz*, No. 5:14-cr-32-BR, 2020 WL 3492028, at *1 (E.D.N.C. June 26, 2020); *see United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases)); *Carlucci*, 2020 WL 2527013, at *3 ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").

To the extent Defendant's motion can be construed as a request for compassionate release under 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, *see* Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018), the motion will be denied. The Court "does not have authority under § 3582(c)(1)(A) to place a prisoner in home confinement." *United States v. Williams*, --- F.Supp.3d ----, 2020 WL 2300206, at *3 (W.D. Tenn. May 1, 2020) (citing *Miller v. United States*, No. 16-cr-20222, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (collecting cases)); *see United States v. Eberhart*, --- F.Supp.3d ---, 2020 WL 1450745, at *3 (N.D. Cal. Mar. 25, 2020). Moreover, Defendant has not shown that he exhausted his administrative remedies with the BOP before seeking compassionate

release from the Court.  *See* § 3582(c)(1)(A); *Williams*, 2020 WL 2300206, at *3; *United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *1 (D. Or. June 2, 2020).

**IT IS ORDERED** that Defendant's motion for home confinement (Doc. 57) is **denied**.

Dated this 30th day of July, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge